UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SUSIE M. LANDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06-CV-79 |
| ) | (JARVIS/GUYTON) |
| JO ANNE B. BARNHART, ) | |
| Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b), Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 11], and the defendant's motion for summary judgment. [Doc. 16]. Plaintiff Susie M. Lands seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. There is no basis to reopen the prior, final and binding determination and the Request for Hearing is dismissed through August 13, 2001.
>
> 2. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

3. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

4. The claimant's asthma, chronic obstructive pulmonary disease (COPD), lumbar spine degenerative disc disease, irritable bowel syndrome (IBS), and history of left wrist tendonitis are considered "severe".

5. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

6. The claimant's allegations regarding her limitations are not totally credible.

7. The claimant has the following residual functional capacity: to perform a range of light work provided she avoid extreme temperatures and excessive amounts of dust, fumes, and other pulmonary irritants.

8. The claimant's past relevant work as fast food assistant manager and cake decorator did not require the performance of work-related activities precluded by her residual functional capacity.

9. The claimant's medically determinable asthma, chronic obstructive pulmonary disease (COPD), lumbar spine degenerative disc disease, irritable bowel syndrome (IBS), and history of left wrist tendonitis do not prevent the claimant from performing her past relevant work.

10. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision.

(Tr. 33).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed); Siterlet, 823 F.2d at 920. Moreover, the Court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

On appeal, plaintiff contends: (1) that the ALJ erred by not giving great weight to the opinion of the treating physician, Dr. Willett; (2) that the plaintiff did not have substantial work history as a cake decorator or fast food assistant manager; (3) that the ALJ's determination that the plaintiff can return to her past relevant work as a fast food assistant manager or cake decorator is not supported by substantial evidence; and (4) that the testimony of the vocational expert, Ms. Bradford, does not support the ALJ's decision or conform to DOT.

As to the first issue raised by the plaintiff, the opinions of treating physicians are only given deference when those opinions are supported by objective medical evidence. Jones v.

Commissioner of Social Security, 336 F.3d 469, 477 (6th Cir. 2003); and see, Warner v. Commissioner of Social Security, 2004 WL 1516657 (6th Cir. 2004) (ALJ correctly disregarded opinions of treating physician which were inconsistent with other substantial evidence).

Moreover, the ultimate determination of disability is the prerogative of the Commissioner, not the treating physician. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).

In the present case, Dr. Willett, on three forms completed in support of the plaintiff's receipt of food stamps, checked that plaintiff was "unable to work." (Tr. 344, 352, 358). The ALJ correctly gave this opinion "minimal weight" for two reasons. (Tr. 30). First, the opinion concerns an issue which is reserved to the Commissioner. Second, Dr. Willett's treatment notes and other objective evidence of record (Tr. 291, 304, 307-312, 554-555), do not support the opinion that the plaintiff is unable to work. Accordingly, the Court finds that this assignment of error is without merit.

As to the second, third and fourth issues raised by the plaintiff, the Court finds that substantial evidence supports the ALJ's conclusion that plaintiff was not disabled during the relevant period, because plaintiff could perform her past relevant work as a fast food assistant manager or cake decorator. The vocational expert classified this work as light-skilled work which did not require exposure to pulmonary irritants temperature extremes or high humidity. (Tr. 602, 604-605).

The Court finds that the ALJ did review and correctly discuss the medical evidence pertaining to the relevant period, as well as plaintiff's testimony regarding the requirements of the past work. The plaintiff plainly did work in the subject jobs of fast food assistant manager and cake decorator. (Tr. 157, 176). The ALJ also explained his finding that the Plaintiff's allegations

regarding her limitations are not totally credible. (Tr. 30-32). His findings in that regard appear to be well-supported by the medical evidence.

Plaintiff bore the burden of proving the extent of her limitations. See Jones, 336 F.3d at 474 ("Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work. . . ."). The ALJ properly weighed the evidence, and concluded that the medical evidence did not show that plaintiff was limited beyond a restriction to light work, avoiding extreme temperatures and pulmonary irritants. Dr. Jeffrey Summers, the State Agency reviewing physician, opined that Plaintiff could do "low to moderate intensity levels" of work, while avoiding dusty conditions, temperature extremes and high humidity. (Tr. 304).

The entire record, including the information provided by the plaintiff about the physical requirements of her past work, in fact, does establish that the plaintiff's job required light work. The ALJ's findings are supported by substantial evidence based upon the record as a whole. Accordingly, the Court finds that there is no reason to disturb the ALJ's conclusion that plaintiff could perform the requirements of her past relevant work, and that, therefore, the plaintiff was not under a disability at any time through the date of the decision.

Therefore, it is **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 11] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).